IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| CHARLES BROWN, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: RDB-06-524 |
| DAVID HOVATTER, *et al.*, | * | |
| Defendants. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>MEMORANDUM OPINION</u>

Pending before this Court is a Motion for Amendment of Judgment filed by Plaintiffs Charles Brown, Brian Chisolm, Joseph B. Jenkins, III, and Gail Manuel (collectively "Plaintiffs") regarding this Court's prior Order and Judgment (Paper No. 42) and accompanying Memorandum Opinion (Paper No. 41) on the parties' cross motions for summary judgment.  The issue presented by the pending motion has been fully briefed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2004).  For the reasons stated below, Plaintiffs' Motion for Amendment of Judgment (Paper No. 43) under Rule 59(e) of the Federal Rules of Civil Procedure IS DENIED, as a substantive change to the previous judgment is not required.  Instead, this Court will clarify the scope of its holding because Plaintiffs have argued that it is susceptible to two possible interpretations.

## BACKGROUND

The complete factual and procedural background of this case has been fully set forth in this Court's Memorandum Opinion on the parties' cross motions for summary judgment and a lengthy discussion herein is not necessary.

Plaintiffs filed a lawsuit in this Court seeking declaratory and injunctive relief against David Hovatter, in his official capacity as President of the Maryland State Board of Morticians, and Faye Peterson, Michael Ruck, Sr., Gladys Sewell, Donald V. Borgwardt, Marshall Jones, Jr., Michael Kruger, Brian Haight, Robert Bradshaw, Jeffery Pope, and Vernon Strayhorn, Sr., in their official capacities as members of the Maryland State Board of Morticians (collectively "Defendants").  Plaintiffs sought to have several provisions of the Maryland Morticians Act, Md. Code Ann., Health Occ. §§ 7-101-602 (the "Act" or the "Morticians Act"), declared unconstitutional.  On April 24, 2007, the parties filed cross motions for summary judgment. (Paper Nos. 28, 29.)  On September 10, 2007, this Court conducted a hearing on both motions and, on October 17, 2007, this Court released the Order and Judgment (Paper No. 42) and accompanying Memorandum Opinion (Paper No. 41).

In their Motion for Summary Judgment, Plaintiffs first challenged the licensing requirement of the Morticians Act, which provides that every application for a funeral home in Maryland be signed by a "licensed individual" who is also "the owner or co-owner of the establishment to be licensed."  Md. Code Ann., Health Occ. § 7-310(b).  Specifically, Plaintiffs challenged the licensing requirement under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.[1]  This Court held that "section 7-310 of the Morticians Act, which establishes a licensing scheme for the operation of funeral homes in Maryland, is rationally related to a legitimate state interest and does not violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment."  (Mem. Op. 2-3.)  Additionally,

---

[1] Count One of the Complaint, titled "Equal Protection – Licensure," and Count Three, titled "Due Process," form the basis of the Plaintiffs' challenge to the licensing requirement.

this Court held that the licensing provision may be imposed on both corporate and non-corporate owners of funeral homes.  (*Id.* at 3.)

Next, Plaintiffs challenged the corporate prohibition of the Morticians Act, under which a corporation may not own a funeral home unless it was licensed to do so prior to June 1, 1945. Md. Code Ann., Health Occ. §§ 7-309(a), 7-309(b).  Plaintiffs challenged the corporate prohibition, along with the statutory exceptions, under the Due Process and Equal Protection Clauses of the Fourteenth Amendment and the dormant Commerce Clause.[2]  This Court addressed the Fourteenth Amendment challenge to the corporate prohibition, but did not make any conclusion of law on the matter.  (Mem. Op. 18-21.)  Instead, this Court held that the corporate prohibition embodied in sections 7-309(a) and 7-309(b) violated the dormant Commerce Clause and enjoined the Defendants from limiting the corporate ownership of funeral homes in Maryland to only those holding an exempt corporate license.  (*Id.* at 2.)

On October 31, 2007, Plaintiffs filed a Motion for Amendment of Judgment because of a perceived ambiguity in the Memorandum Opinion. (Paper No. 43.)  Within the Motion, Plaintiffs also requested that this Court clarify its holding.  On November 19, 2007, Defendants filed a Response (Paper No. 44) and, on November 27, 2007, Plaintiffs filed a Reply (Paper No. 45).

---

[2] Count Two of the Complaint, titled "Equal Protection – Corporate Ownership," comprises the Fourteenth Amendment challenge.  This Court interpreted Plaintiffs' argument under Count Two to also incorporate the Due Process Clause because cases relied upon by both parties were interchangeably based on both the Equal Protection and Due Process Clauses, and because the standard— rational basis—used to analyze both claims is the same.  Count Five, titled "Commerce Clause," forms the basis for the dormant Commerce Clause challenge.  There is no corresponding dormant Commerce Clause challenge to the individual licensing requirement in the Complaint, nor was the issue briefed in the parties' submissions or addressed at the hearing.

## STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure provides simply that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a judgment may be amended in only three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)).  Rule 59(e) does not permit a party to "raise arguments which could have been raised prior to the issuance of the judgment," nor does it enable a party to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pacific Ins. Co.*, 148 F.3d at 403.

It is, however, permissible for a district court to clarify a previous judgment under the auspice of Rule 59(e) without necessarily amending it, so long as it is filed within ten days of judgment.  *See Cappachione v. Charlette-Mecklenburg Sch.*, 190 F.R.D. 170, 175 (W.D.N.C. 1995) ("A post-judgment motion for clarification requesting a court to interpret the scope of its injunction is properly made under Rule 59(e)[.]"); *Belair v. Lombardi,* 151 F.R.D. 698, 699 (M.D. Fla. 1993) ("A motion to clarify an order as to the court's intent regarding the continuation of state court proceedings is considered a motion to alter or amend the judgment, under Rule 59(e).").  In an analogous context, the Fourth Circuit has explained that "in cases where a party [subsequently] submits a motion . . .  which is unnamed and does not refer to a

4

specific Federal Rule of Civil Procedure, the courts have considered that motion either a Rule

59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment or

order." *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 400 (4th Cir. 1995).  In

this case, Plaintiffs specifically refer to Rule 59(e) and have filed their Motion within ten days of

judgment.[3]  Therefore, to the extent Plaintiffs' Motion to Amend seeks clarification, it is

properly filed under Rule 59(e).

## ANALYSIS

Plaintiffs have requested an amendment and clarification of this Court's Order and

Judgment and accompanying Memorandum Opinion.  Specifically, Plaintiffs have requested that

this Court clarify whether the Order and Judgment and accompanying Memorandum Opinion

"extend[ed] to non-mortician entrepreneurs and companies the same general right to own

corporate-licensed funeral homes that was previously available only to those lucky few able to

acquire one of Maryland's 58 'grandfathered' corporate funeral homes" or only "enjoined

Maryland from denying corporate ownership to Maryland-licensed morticians." (Pls.' Mot. 1.)

The latter is the holding of the case.

This Court's analysis of section 7-310 in the Memorandum Opinion addressed only the

*individual* licensing requirement, as opposed to the exempt corporate licenses that were

subsequently addressed.  This was done primarily because the parties continually referred to only

_____

[3] Rule 6(a)(2) of the Federal Rules of Civil Procedure provides that weekend days and legal holidays are excluded when computing a time period that is less than eleven days, and Rule 6(a)(1) provides that the date triggering the time period should also be excluded.  Plaintiffs filed their Motion for Amendment on October 31, 2007, ten business days after October 18, 2007, the day after this Court rendered its Order and Judgment and accompanying Memorandum Opinion. Plaintiffs' motion was therefore timely under Rule 59(e).

section 7-310(b) of the Morticians Act, which, as Plaintiffs point out, literally requires that a *licensed individual* own or co-own a corporate funeral home.  *See* Md. Code Ann., Health Occ. § 7-310(b)(2) ("An application for a funeral establishment license shall be signed by a *licensed individual who . . . is the owner or co-owner* of the establishment to be licensed." (emphasis added)).

In addressing whether the licensing scheme, as it relates only to licensed individuals, passed constitutional muster, this Court found that "the Maryland General Assembly could have rationally determined that the public's health, safety and welfare are furthered by requiring that a licensed mortician own the funeral home where mortuary science is practiced."  (Memo. Op. 17.) This Court then found that the surviving spouse and executor licenses—both of which are individual licenses—are insufficient to "strike down the regulatory scheme."  (*Id.*)  Moreover, this Court expressly held at the outset that the "licensing requirement may be imposed upon corporate and non-corporate *owners* of funeral homes in Maryland," indicating that the "licensing requirement" referred only to licensed individuals, regardless of whether that individual sought to own a corporate or non-corporate funeral home.  (*Id.* at 3.)

This Court began its discussion of the corporate prohibition and the exempt corporate licenses by clearly stating that the individual licensing requirement could be applied to corporations under the Due Process and Equal Protection Clauses of the Fourteenth Amendment: "[t]he Maryland General Assembly certainly has a rational basis to require the presence of licensed individuals in the ownership structure of a corporation practicing mortuary science." (Mem. Op. 19.)  Thus, a state *may* require that a licensed individual be part of the ownership structure of a corporation in certain highly skilled professions without violating the Fourteenth

Amendment as long as the licensing requirement bears a rational relationship to a legitimate state interest. *See North Dakota State Bd. of Pharmacy v. Snyder's Drug Stores, Inc.*, 414 U.S. 156, 166-67 (1973) (finding constitutional a state statute that required licensed pharmacists own the majority of shares in a corporation seeking to be licensed to practice pharmacy).

In response to Plaintiffs' Motion for Amendment of Judgment, Defendants have cited (for what appears to be the first time in this litigation) section 7-310(c) of the Morticians Act, which provides that "[t]he Board shall issue a funeral establishment license to a funeral establishment that . . . [w]ill be owned and operated in accordance with this title by at least one licensed mortician or one licensed funeral director, or a holder of a surviving spouse *or corporation license*."[4]  Md. Code Ann., Health Occ. § 7-310(c).  Citing this provision and its statutory history, Defendants state in their response that they will *not* require that a licensed individual own or co-own a corporate funeral home, despite this Court's ruling that doing so was permissible under the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

In their Reply, however, Plaintiffs "worry that once the time for clarifying or appealing this Court's decision has passed, Defendants will interpret this Court's order as not *mandating* that the Board issue 'establishment licenses to new corporate licensees that are not owned by licensed funeral directors or morticians.'" (Pls.' Reply 2 (internal citation omitted.)).  Plaintiffs therefore request that this Court declare that Defendants must allow an unlicensed individual to own a corporate funeral home.

---

[4] This provision appears to be facially inconsistent with the provision cited throughout this litigation, section 7-310(b), which requires that a licensed individual who owns or co-owns the funeral home sign the application, even if the funeral home is a corporation.  Section 7-310(c), however, appears to permit a license to be issued to either a licensed individual *or* a corporation, without requiring that the licensed individual own the corporation.

7

Granting Plaintiffs' request would require that this Court amend its previous Judgment and Order, which it declines to do.  Plaintiffs have not cited to an intervening change in controlling law, nor has any new evidence been presented.  *See Pacific Ins. Co.*, 148 F.3d at 403. Plaintiffs have also failed to demonstrate that an amendment to this Court's prior Judgment and Order is necessary to "correct a clear error of law or prevent manifest injustice." *Id.*

In sum, this Court's prior ruling held that anyone capable of owning a funeral home in Maryland may do so in the corporate form under the dormant Commerce Clause. (*See* Mem. Op. 25-30.)  However, Defendants *may,* but are not obligated to, require that a licensed individual own or co-own a funeral home. (*Id.* at 13-19.)  If they choose to enforce the Morticians Act in this manner, they will not offend the Due Process and Equal Protection Clauses of the Fourteenth Amendment by enforcing it on corporate and non-corporate funeral homes alike.

Therefore, Plaintiffs' Motion to Amend is DENIED.  This Memorandum Opinion serves only to clarify this Court's Order and Judgment (Paper No. 42) and accompanying Memorandum Opinion (Paper No. 41).

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Amend this Court's Order and Judgment (Paper No. 42) is DENIED.   A separate Order follows.


/s/
_____

Richard D. Bennett
United States District Judge


Dated: December 11, 2007